## CORPORATION COURT OF THE CITY OF WINCHESTER

Sarah Margaret Lupton Mahaney

v.

Emma Fries Lupton et al.

July 23, 1956

Case No. 2522

By JUDGE ELLIOTT MARSHALL

In this case it is contended by the complainant that the will of the testator 'created a trust of all his property for the benefit of his wife and children with his wife as trustee.

There are only three provisions of the will which are of any pertinence to our inquiry in seeking a proper construction thereof.

The second clause plainly and unmistakably devised and bequeaths all property, both real and personal, to the wife for life, with remainder over on her death to the children. This, the granting clause of the will, taken alone, could certainly not be construed to create a trust in the first taker. The use of the phrase "to have, hold, manage and control" does not indicate to me the intention to create a trust. While consistent with trusteeship such incidents of tenure are equally consistent with life tenure. This language is frequently used in the creation of life estates as well as trusts. Certainly such language, alone, could not negative the plain language of this clause creating the life estate. However, the phrase must be considered together with all of the language of the will

to arrive at the intention of the testator. This will be done later.

The third clause plainly grants the wife an absolute discretionary power of sale and conveyance of the real estate during her lifetime. The provision that the purchaser not be required to look to the application of the purchase money is sometimes used in writings creating trusts, but surely this alone or considered with the phrase referred to in the next preceding paragraph would not negative the plain language creating the estate. There is nothing inconsistent with the incidents of life tenure in such language.

However, when we consider the second and third clauses together, we have a devise of the real estate for life with remainder over coupled with an absolute power of disposal in the life tenant. In Virginia we have adopted the minority rule of the United States. This was decided in *May* v. *Joynes*, 61 Va. (20 Gratt.) 692 (1871), where it was held that such a devise created in the first taker a fee simple, the remainder over being void for repugnancy. The plain intention of the testator must be defeated because of the rule of law. *May* v. *Joynes* is still the law of Virginia except as limited by Section 55-7 of the Virginia Code, which provides that the "remainder over shall not fail, or be defeated, *except to the extent that the life tenant shall have lawfully exercised such power of disposal.*" Where the power of disposal is exercised by the life tenant the rule of *May* v. *Joynes* still applies, and the remainder is defeated in the proceeds of sale as well as the real estate devised, the first taker holding the proceeds absolutely or in fee. The testator may not have intended this but the law would require such a construction.

When we come to the fourth clause ambiguities and uncertainties immediately appear. In the first place the testator uses the word "request" in describing the method of investment. I think it fair to construe the clause to apply the word "request" also to the provision for the use of the annual income, because although this provision may have been intended as a separate sentence as the opening word is capitalized and follows a period, it is merely a clause grammatically and, plainly, is a portion of the sentence preceding it.

In a majority of cases the word "request" is taken in law to have its ordinary connotation, and to be precatory and not testamentary or mandatory in character. 57 Am. Jur. p. 771; 54 Am. Jur. 64-68. I think that this should be especially true where the other provision of the will are concise and carefully worded so as to indicate clearly that they are to be mandatory. The very nature of the "request" in this case is such that one would scarcely assume that the testator intended them to be binding upon his wife. The provisions are so loosely drawn that it is perfectly obvious that the testator did not intend to impose mandatory conditions but to advise or express a desire. What did he want her to do with the money in the event that she could not procure safe deed of trust bonds? Would she have the right to invest in Government bonds or securities approved for fiduciaries? Would she be required to contribute to the support of the children after they married or became self supporting, thereby impoverishing herself? And remember, all this after the testator has carefully and studiously defined and limited the estate devised. In my opinion the fourth clause of the will expresses only the desire of the testator and does not serve to define the quantum of the estate in any way.

In view of my conclusion in this respect it is needless to consider the other ambiguities of the fourth clause. In view of the fact that there was no authority granted to dispose of the personal property it might be urged that the fourth clause only applied to the personal property even if the provisions were mandatory. The language "all money coming into her hands belonging to my estate" might or might not mean only the money of which he died possessed. The annual income from all sources might or might not mean to include the income from the land which had been devised to his wife for life. All these uncertainties serve to confirm our belief that the provision of the fourth clause are recommendations and not commands.

The uncertain language of the fourth clause could not in my opinion be sufficient to limit the estate created under the second and third clauses. The language of the will is insufficient to create a trust.

Under these considerations it is my opinion that the wife of the testator is vested with a life estate

in the real and personal property, with remainder over on her death to the children. She has an absolute power of disposal of the real estate. Upon the exercise of the power of disposal, the remainder is destroyed.

I will so decree.